**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

1. GABRIELLE HANNA,                )
                                   )
            Plaintiff,             )        CIV-26-
                                   )
v.                                 )        JURY TRIAL DEMANDED
                                   )        ATTORNEY LIEN CLAIMED
2. W.K. JACKSON LEADERSHIP         )
   ACADEMY,                        )
                                   )
            Defendant.             )

## COMPLAINT

**COMES NOW** the Plaintiff, Gabrielle Hanna, and hereby pleads as follows:

## PARTIES

1.    The Plaintiff is Gabrielle Hanna, an adult resident of Oklahoma County, Oklahoma.

2.    The Defendant is W.K. Jackson Leadership Academy, an entity operating as a public school in Oklahoma County, Oklahoma.

## JURISDICTION & VENUE

3.   The Plaintiff asserts claims for race discrimination including creation of a hostile working environment and termination, termination on the basis of race and termination in retaliation for opposing race discrimination, in violation of Title VII of the Civil Rights Act and 42 U.S.C. § 1981.

4.   This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331. Most of the conduct giving rise to Plaintiff's claims occurred in Oklahoma County such that venue is proper in this Court.

1

**STATEMENT OF FACTS**

5.     The Defendant employed at least fifteen during at least twenty weeks of the current or proceeding calendar year and are employers as defined under Title VII.  There is no minimum employee requirement to be an employer under 42 U.S.C. § 1981.

6.     Plaintiff (Caucasian) began working for the Respondent around July 17, 2023.

7.     Plaintiff held the job title of Office Manager, a position for which she was qualified and performed satisfactorily.

8.     Plaintiff was supervised by Dr. Gloria Anderson (African American).

9.     Dr. Anderson made frequent comments indicating a racial bias against white people including, telling Plaintiff that she had "white privilege".

10.     Dr. Anderson would often talk about the difference between Plaintiff and African Americans by pointing out that Plaintiff was "white" and "not black".

11.     Dr. Anderson on at least one occasion told Plaintiff that she could not eat a sweet potato dish brought to the school because she was "not black" and this, according to Dr. Anderson, meant that Plaintiff would not enjoy the dish.

12.     Dr. Anderson would exclude Plaintiff from meetings she should have been allowed to attend in performing her job duties.  When Plaintiff asked Dr. Anderson why she was being excluded, Dr. Anderson would indicate that Plaintiff did not need, or did not want, to be in the meeting because Plaintiff was "white".

13.     Around February or March 2024 Plaintiff opposed Dr. Anderson's racial conduct including by making a report of race discrimination to Defendant's Human Resources Department.

14.     Around March 11, 2024 Dr. Anderson placed Plaintiff on administrative leave.

2

15.    Defendant terminated Plaintiff's employment around June 30, 2024.

16.    To Plaintiff's present knowledge and belief, her job position was not eliminated.

17.    As a direct result of Defendant's conduct the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm such as worry, sadness, frustration and similar unpleasant emotions.

18.    At the least, motivating and/or but-for factors in the decision to terminate Plaintiff's employment include her race and/or her opposition to race discrimination. Such reasons may also be but-for causes of Defendant's conduct.

19.    Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge of discrimination around April 3, 2025.  The EEOC issued Plaintiff her right to sue letter with an issuance date of November 19, 2025, and Plaintiff received such letter thereafter.  This petition is timely filed within ninety (90) days of Plaintiff's receipt of her right to sue letter. There is no exhaustion requirement under 42 U.S.C. § 1981.

## COUNT I

Plaintiff incorporates the above paragraphs and further alleges:

20.    Discrimination on the basis of race, including creation of a hostile working environment, and termination in retaliation for opposing race discrimination, violates 42 U.S.C. § 1981.

21.    Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of associated benefits) and emotional distress.

22.    Because Defendant's conduct was willful or, at the least, in reckless disregard of Plaintiff's rights, the Plaintiff is entitled to an award of punitive damages.

3

23.     Plaintiff is also entitled to a declaration that Defendant violated Title VII and/or 42 U.S.C. § 1981 along with reinstatement and to attorney fees/costs.

## COUNT II

Plaintiff incorporates the above paragraphs and further alleges:

24.     Discrimination on the basis of race, including creation of a hostile working environment, and termination in retaliation for opposing race discrimination, violates Title VII of the Civil Rights Act.

25.     Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of associated benefits) and emotional distress.

26.     Because Defendant's conduct was willful or, at the least, in reckless disregard of Plaintiff's rights, the Plaintiff is entitled to an award of punitive damages.

27.     Plaintiff is also entitled to a declaration that Defendant violated Title VII and/or 42 U.S.C. § 1981 along with reinstatement and to attorney fees/costs.

**WHEREFORE**, the Plaintiff requests this Court award all relief, including equitable and monetary relief, available under the law, including but not limited to, a declaration that Defendant violated federal and/or state law, wage and benefit loss, compensatory damages (including emotional distress damages), punitive damages, liquidated damages, attorney fees and costs, reinstatement, along with all other relief allowed.

**RESPECTFULLY SUBMITTED THIS 13th DAY OF FEBRUARY 2026.**

s/ *Amber L. Hurst*
Amber L. Hurst, OBA No. 21231
HAMMONS, HURST & ASSOC.
325 Dean A. McGee Ave.
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111

4

Email: amber@hammonslaw.com
*Counsel for Plaintiff*
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED